*Decision will be entered under Rule 50.*

ESTATE OF HELEN GILMORE, DECEASED, BY HERBERT C. SMYTH, JR., ADMINISTRATOR, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 93231, 93232, 93331, 93332, 93333, 93334, 93335.

Promulgated November 24, 1939.

*Herbert C. Smyth, Jr., Esq.,* and *Bernard E. Drape, Esq.,* for the petitioners.

*George R. Sheriff, Esq.,* and *W. G. Ruymann, Esq.,* for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith: Herbert C. Smyth; Francis G. Smyth, Jr.; Edward G. Rowley; Louise Marthe; John Anderson; and Lester A. Thatcher.

OPINION.

STERNHAGEN: The respondent determined that the estate of Burridge, being then a taxpayer in its own behalf, was the recipient of income from the corporation by way of a forgiveness of Burridge's indebtedness of $124,904. This is said to have occurred in 1932, at the time of the final distribution of the corporate assets, of which this account receivable was one. There is, however, no evidence from which any finding of fact could be made that there was at any time a forgiveness of this indebtedness, and the evidence is sufficient to show that no such forgiveness occurred. This has been found as a fact. The respondent, however, would have the Board hold that there was

a constructive forgiveness by reason of the fact that the debt was never paid and was wiped out by the liquidation of the corporation.

The evidence establishes that all of the corporation's assets were distributed and that the Burridge account receivable was treated as an asset. This, however, can not fairly be regarded as a forgiveness of the debt. It was an item of the liquidation proceeds. Although the effect upon Burridge's estate was similar, in that the estate was saved the inconvenience of actually paying the amount and receiving it back in distribution, nevertheless the occurrence was entirely a recognition of the subsistence of the debt and the distribution of the account to its shareholders. From both a practical and a theoretical standpoint, this is the proper conception of the final disposition of the indebtedness. The estate so treated the amount, for it included the account receivable as having been acquired by it in the liquidation distribution, thus serving as a factor of its liquidation gain or loss.

In addition to this it appears clearly that the estate tax was computed upon a gross income which included $416,396.47 as the value of Burridge's 1,248 shares. This would mean a per share value of $333.65 at the time of Burridge's death; which is more than the $327.14 distributed in 1932 as the per share value of the Howell shares, the difference being accounted for by a general decline in value in the interim. The Howell distribution was computed upon the corporation's balance sheet, and the balance sheet included the Burridge debt among the corporate assets. Thus the indebtedness has at all times been consistently treated as an asset of the corporation, and we see no reason for regarding it as forgiven, as the respondent has held.

Since no deficiency in tax can be found as to the taxpayer estate, there is no occasion to consider the supplemental issue whether the petitioners here are freed from the transferee liability by the expiration of the statutory period of limitations.

*Decision will be entered for the petitioners.*